UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY JOSEPH CULLIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-423** |
| **ROBERT TANNER, WARDEN** | **SECTION "F"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

I. *Factual and Procedural History*

Petitioner, Tommy Cullier, was incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana when he filed the instant federal petition.[1] The Louisiana Fifth Circuit Court of Appeal recited the underlying facts of the case as follows:

---

[1] In June 2015, Cullier provided a change of address notice. Louisiana Department of Public Safety and Corrections records reflect that he is currently being supervised by the Jefferson Parish Probation and Parole District Office. This development does not alter the Court's analysis. *See Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

Deputy Matthew Vasquez was employed by the Jefferson Parish Sheriff's Office as a road deputy during the night watch on December 3, 2007. In the early morning hours of December 3, Deputy Vasquez received a call for service and proceeded to the location of Eiseman and Meyers Street. While en route to that location, a second call for service was made for the location of 2nd Avenue and Ames; the nature of the call was a car accident.

Deputy Vasquez proceeded to the second scene. Upon arrival, he found a black male in a green Jeep that had crashed into a concrete barrier on the side of the road at 2nd Avenue and Ames. Deputy Vasquez identified the individual in the vehicle as defendant. Deputy Vasquez observed that the front axle of the vehicle defendant was driving was resting on a concrete bolder that he had rolled over. The defendant appeared to be trying to dislodge the vehicle by throwing it into drive and reverse, rocking the Jeep back and forth. Deputy Vasquez identified himself to defendant and attempted to get him out of the vehicle to ask what was going on.

While Deputy Vasquez was questioning defendant, police received another call from a witness who stated that defendant had previously gotten out of his vehicle and placed an L-shaped black object in the bushes across the street. At that time, deputies proceeded to look in this area and found a 20–gauge shotgun that had been placed in the bushes. The weapon was loaded with a live round when it was discovered. Deputy Vasquez then arrested defendant based upon the witness' statement, after a complete advisal of his *Miranda* rights. According to Deputy Vasquez, the defendant then became agitated and said, "the f----ng gun didn't work; that he had gotten it years ago." The defendant struggled briefly while being placed into handcuffs.[2]

Cullier was subsequently charged with possession of a firearm by a convicted felon.[3]

On July 16, 2009, a jury found him guilty as charged.[4] On July 24, 2009, the trial court denied

---

[2] State Rec., Vol. 1 of 3, *State v. Cullier*, 10-KA-1066 (La. App. 5th Cir. 11/15/11), 79 So.3d 1129 (footnote omitted).

[3] *Id.*, Bill of Information.

[4] *Id.*; Minute Entry (Trial), July 16, 2009; *see also* Jury Verdict.

2

his motion for a new trial and sentenced Cullier to fifteen (15) years imprisonment without benefit of probation, parole or suspension of sentence.[5]

On November 15, 2011, Cullier's conviction and sentence were affirmed by the Louisiana Fifth Circuit Court of Appeal.  On appeal, he raised a claim of insufficiency of the evidence, which the court of appeal rejected.[6]  The Louisiana Supreme Court denied his application for writ of certiorari or review on April 27, 2012.[7]  His conviction became final ninety days later on July 26, 2012.

On February 5, 2013, Cullier filed an application for post-conviction relief in the state district court.[8]  In that application, he asserted four claims for relief:  (1) he was denied due process when the trial court allowed into evidence uncertified computer printouts to establish his predicate conviction; (2) the evidence was insufficient to convict him; (3) he was denied due process and a fair trial when the trial court denied his request for a continuance; and (4) he was denied effective assistance of trial and appellate counsel.  On May 30, 2013, the state

---

[5] State Rec., Vol. 1 of 3, Minute Entry (sentencing), July 24, 2009.  The State filed a multiple offender bill, but subsequently withdrew it.  *Id.*, Minute Entry, September 10, 2009.

[6] State Rec., Vol. 1 of 3, *State v. Cullier*, *supra.*

[7] *Id.*, *State v. Cullier*, 2011-KO-2794 (La. 4/27/12), 86 So.3d 627.

[8] *Id.*, Uniform Application for Post-Conviction Relief signed and dated by Cullier February 5, 2013.

3

district court denied relief.[9] On June 28, 2013, Cullier filed a motion for an extended return date with the court of appeal, which granted the request and gave him until August 16, 2013 to file his supervisory writ application.[10] On August 12, 2013, Cullier filed his related supervisory writ application with the Louisiana Fifth Circuit Court of Appeal.[11] The court of appeal denied relief on October 22, 2013.[12] On November 17, 2013, Cullier filed a supervisory writ application with the Louisiana Supreme Court.[13] The Louisiana Supreme Court denied relief on July 31, 2014.[14]

On January 26, 2015, Cullier filed the instant federal application seeking *habeas corpus* relief.[15] His application asserts four grounds for relief: (1) he was denied due process by the

---

[9] *Id.*, District Court Judgment denying PCR and Reasons for Judgment signed May 30, 2013.

[10] State Rec., Vol. 3 of 3, State's Tab 5, 6, Motion for Extended Return Date and Order, *State v. Cullier*, 13-KM-568 (La. App. 5th Cir. 7/12/13).

[11] *Id.*, State's Tab 7, Louisiana Fifth Circuit Writ Application No. 13-KH-696 signed August 12, 2013.

[12] *Id.*, *State v. Cullier*, 2013-KH-696 (La. App. 5th Cir. October 22, 2013) (unpublished writ decision).

[13] *Id.*, State's Tab 11, Louisiana Supreme Court writ application No. 13-KH-2722 signed November 17, 2013.

[14] *Id.*, State's Tab 10, *State ex rel. Cullier v. State*, 2013-KH-2722 (La. 7/31/14), 146 So.3d 549.

[15] Rec. Doc. 1. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir.2003). Cullier expressly states that he placed his federal application in the prison

4

erroneous admission of evidence during trial; (2) the evidence was insufficient to sustain his conviction; (3) he was denied due process and a fair trial by the denial of a continuance; and (4) he was denied effective assistance of counsel at trial and on appeal.

The State submitted a response in which it contends Cullier's petition is untimely. The Court agrees for the reasons set forth below.

II. *Analysis*

A. *Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to 28 U.S.C. § 2254, with this one-year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).[16]  In this case, Cullier's conviction became final, for federal limitations

---

mailing system on January 26, 2015.

[16] Title 28 U.S.C. § 2244(d) provides additional grounds as well, which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
- A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
- B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
- C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

purposes, on July 26, 2012, after the 90-day deadline had passed for filing a writ of certiorari with the United States Supreme Court.[17] Under a plain reading of the statute, Cullier then had one year within which to file his federal *habeas* petition, or a deadline of July 26, 2013. Cullier did not file his federal *habeas* petition with this Court until January 26, 2015. Therefore, his petition must be deemed untimely, unless the deadline was extended through tolling.

B. *Statutory Tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A matter is pending as long as the ordinary collateral review process is in continuance. *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). Cullier's conviction became final on July 26, 2012. Cullier allowed 193 days to run before he filed his application for post-conviction relief in the state district court on February 5, 2013. The State allows for tolling

---

        and made retroactively applicable to cases on collateral review; or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[17] *See* Supreme Court Rule 13.1; *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999). In this case, the 90 days commenced with the Louisiana Supreme Court's denial of certiorari on April 27, 2012 and ended on July 26, 2012 with the expiration of the deadline for filing a request for writ of certiorari with the U.S. Supreme Court.

throughout the pendency of the post-conviction review proceedings.[18] The one-year federal limitations period began to run again when the Louisiana Supreme Court denied supervisory relief on July 31, 2014. Cullier filed no further pleadings that served to interrupt the limitations period after this point in time. He had 172 days remaining in the one-year period in which to file his federal *habeas* petition, or until January 20, 2015.[19] Based on his own admission and verified statement in his petition, Cullier filed his federal petition by placing it in the prison mail system on January 26, 2015.[20] Cullier's federal application was therefore untimely.[21] *See Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir.2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely).

C. *Actual Innocence*

The State acknowledges a general assertion by Cullier that he is actually innocent.[22]

---

[18] The Court accepts that Cullier's writ applications to the Louisiana Fifth Circuit (No. 13-KH-696) and the Louisiana Supreme Court (2013-KH-2722) were timely filed and tolled the one-year statute of limitations.

[19] One-hundred seventy-two days from July 31, 2014 fell on Monday, January 19, 2015, which was Martin Luther King Jr. Day. The limitations period therefore expired on the next day that was not a Saturday, Sunday or legal holiday (Tuesday, January 20, 2015). *See* Fed. R. Civ. P. 6(a)(1)(c).

[20] Rec. Doc. 1, p. 12.

[21] Cullier has brought forth no evidence demonstrating that he is entitled to equitable tolling, and the Court is aware of no circumstances existing that would warrant equitable tolling of the statute of limitations.

[22] Rec. Doc. 12, p. 9.

7

Other than a nominal reference to "miscarriage of justice" or "actual innocence," Cullier does not make any express argument under *McQuiggin* that he is actually innocent of the offense to excuse his untimeliness. Thus, he does not provide a direct substantive argument or any credible evidence to show that he is actually innocent. However, to the extent Cullier's grounds for relief may imply such an argument, the Court will consider whether his purported actual innocence excuses the untimely filing of the instant §2254 petition.

Actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). To be credible, however, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. at 329.

Cullier argues that there was another witness and possible suspect, Rhonda Walker's son, who was actually responsible for the weapon that was found. Rhonda Walker, an eyewitness who lived near the scene of the crime, testified at trial that she called police about

8

the individual involved in an accident throwing what appeared to be a weapon in some nearby bushes.  According to Cullier, the 9-1-1 tape indicated that Walker's son was also present at the time, but his attorney failed to investigate Cullier's claims with respect to this individual.[23] Cullier argues that the son had a propensity for engaging in illegal activity, including drugs and the possession of illegal weapons.  Cullier's allegations regarding the possible existence of another suspect, however, do not constitute new or reliable evidence.  Nor has he established a colorable claim of actual innocence based on his purely self-serving speculation.  The alleged "evidence" does not satisfy the exacting standard for proving actual innocence for which a petitioner must demonstrate that it is more likely than not that *no* reasonable juror would have convicted him in light of the new evidence.  *Schlup*, 513 U.S. at 327 (emphasis added). In fact, as the State points out, Cullier's statement to police at the scene belies any claim of actual innocence.  Jefferson Parish Deputy Matt Vasquez testified that after deputies located the loaded, 20-gauge shotgun and Vasquez confronted him, Cullier became agitated and said, "the f----ng gun didn't work; that he had gotten it years ago."[24]  Accordingly, on the record presented, Cullier has not made a sufficient showing of actual innocence to excuse the untimeliness of his federal petition.

Because the instant petition was filed after the federal limitations period expired and

---

[23] Rec. Doc. 1, p. 27; *see also* State Rec., Vol. 2 of 3, Trial Transcript, pp. 6-8.

[24] *State v. Cullier*, 86 So.3d at 1131.

9

Cullier has failed to demonstrate that tolling principles render his petition timely, or that he is entitled to review of his claims through the "actual innocence" gateway, his federal *habeas* petition should be dismissed with prejudice as untimely.

## RECOMMENDATION

**IT IS RECOMMENDED** that Cullier's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[25]

New Orleans, Louisiana, this 20th day of January, 2016.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[25] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.